11-5442-cr, 12-389-cr, 12-2560-cr
*United States v. Viertel*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of December, two thousand and twelve.

PRESENT:

> JOSÉ A. CABRANES,
> REENA RAGGI,
>               *Circuit Judges*,
> JED S. RAKOFF,
>               *Judge*.[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

>      *Appellee*,

>      -v.-                                                    Nos. 11-5442-cr, 12-389-cr,
>                                                              12-2560-cr

CHRISTIAN T. VIERTEL,

>      *Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | Robert A. Culp, Law Office of Robert A. Culp, Garrison, NY, as to Nos. 11-5442-cr, 12-389-cr. |
| | Christian T. Viertel, *pro se*, Florence, Italy, as to No. 12-2560-cr. |
| **FOR APPELLEE:** | Marcia S. Cohen, Katherine Polk Failla, Assistant |

_____

[*] The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

1

United States Attorneys, *for* Preet Bharara, United States Attorney, United States Attorney's Office for the Southern District of New York.

Appeal from April 30, 2008, January 9, 2012, May 8, 2012, and May 22, 2012 orders of the United States District Court for the Southern District of New York (John G. Koeltl, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the April 30, 2008, January 9, 2012, May 8, 2012, and May 22, 2012 orders of the District Court be **AFFIRMED**.

In these tandem appeals, which we have consolidated for decision, Christian T. Viertel appeals from (1) an April 30, 2008 order denying his motion for a new trial pursuant to Federal Rule of Criminal Procedure 33 ("Rule 33"); (2) a January 9, 2012 order denying his request to vacate various rulings concerning restitution; (3) a May 8, 2012 order denying his petition for a writ of error *coram nobis*; and (4) a May 22, 2012 order denying reconsideration of the May 8, 2012 order. On October 12, 2002, Viertel was convicted, after trial by jury, of one count of conspiracy to commit wire fraud and mail fraud, one count of wire fraud, and one count of mail fraud. We assume familiarity with the underlying facts and procedural history of this case.

**A.     The April 30, 2008 Order**

First, Viertel appeals from the District Court's order denying his motion for a new trial pursuant to Rule 33. On appeal, Viertel renews his argument that the government violated its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), when it failed to disclose certain exculpatory audit information.

"Where a defendant's *Brady* claim was raised in a motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure, we review the denial of the motion for abuse of discretion." *United States v. Douglas*, 525 F.3d 225, 245 (2d Cir. 2008). Under *Brady* and its progeny, "the government's failure to disclose favorable information will result in an order of retrial if the undisclosed information is 'material.'" *United States v. Spinelli*, 551 F.3d 159, 164 (2d Cir. 2008). "[U]ndisclosed information is deemed material so as to justify a retrial only 'if there is a reasonable probability that, had [it] been disclosed to the defense, the result of the proceeding would have been different' . . . [which] is shown when the government's failure to disclose 'undermines confidence in the outcome of the trial.'" *Id.* at 164-65 (quoting *Kyles v. Whitley*, 514 U.S. 419, 433-34 (1995)).

Here, the District Court did not abuse its discretion when it determined that "the defendant has made no showing that the balance sheet books are so material that there is a realistic likelihood that their disclosure would have resulted in a different verdict or undermined confidence in the outcome of

the case." Joint App'x 271. As the District Court explained in a previous opinion, the audit materials do not sufficiently undermine the "clear evidence" that fraudulent invoices were sent from New York to Germany to demonstrate a reasonably probability that, had the audits been disclosed, the result of the proceeding would have been different. *Id.* at 241-42. We therefore affirm the April 30, 2008 order of the District Court.

**B.      The January 9, 2012 Order**

Second, Viertel appeals an order of the District Court denying his motion for vacatur of certain restitution rulings. However, Viertal now indicates that he has "determined not to seek any further relief in respect to restitution on this appeal." Appellant's Br. 42. Accordingly, we affirm the January 9, 2012 order of the District Court.

**C.      The May 8, 2012 and May 22, 2012 Orders**

Third, Viertel appeals, *pro se*, an order of the District Court denying his motion for a writ of error *coram nobis*, and a subsequent order of the District Court denying a motion for reconsideration. "We review *de novo* the standards that a District Court applies in considering the writ of error *coram nobis* and review for abuse of discretion a District Court's final decision to deny the writ." *Porcelli v. United States*, 404 F.3d 157, 158 (2d Cir. 2005). We review the denial of a motion for reconsideration for abuse of discretion. *Harris v. Kuhlmann*, 346 F.3d 330, 357 (2d Cir. 2003). Substantially for the reasons set out in the District Court's lucid memorandum opinion and order of May 8, 2012, we conclude that the District Court applied the proper standard, and did not abuse its discretion in denying the motion for a writ of error *coram nobis* or the later motion for reconsideration. We therefore affirm both the May 8, 2012 and May 22, 2012 orders of the District Court.

### CONCLUSION

We have reviewed the record and the parties' arguments on appeal. For the reasons set out above, we **AFFIRM** the April 30, 2008, January 9, 2012, May 8, 2012, and May 22, 2012 orders of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court